UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                              (For Online Publication Only)
----------------------------------------------------------------------X
KIRAN SHARMA,

                                  Appellant,      **MEMORANDUM & ORDER**
                                                                     23-cv-01423-JMA

    -against-

ORION HEALTHCORP, INC., et al.

HOWARD M. EHRENBERG in his capacity as
Liquidating Trustee of Orion Healthcorp,
Inc., et al., CHT HOLDCO, LLC, and
CC CAPITAL CHT HOLDCO LLC,

                                   Appellee.
----------------------------------------------------------------------X
**AZRACK, United States District Judge:**

      Before the Court is Appellant Kiran Sharma's pro se appeal challenging the Bankruptcy Court's "Order Denying in Part and Reserving in Part the Motions to Dismiss of Defendants Pavandeep Bakhshi, AAKB Investments Limited and Kiran Sharma," (8-18-08053-ast, ECF No. 447) and the same Court's "Order Denying the Remainder of the Motions to Dismiss of Defendants Pavandeep Bakhshi, AAKB Investments Limited and Kiran Sharma," (8-18-08053-ast, ECF No. 466) (collectively, "Order"). For the reasons below, the Court dismisses Appellant's appeal.

## I. BACKGROUND

**A.**    **Facts and Procedural History**.[1]

      Appellant—appearing pro se—is a party to the underlying bankruptcy proceeding because of her interest and involvement in the purchase of an apartment located at 50 Riverside Boulevard,

---

[1]    The facts set forth in this Opinion are drawn from the parties' submissions in connection with Appellees' motion to dismiss Appellant's notice of appeal. The Court draws primarily from Appellee's Letter Motion to Dismiss (ECF No. 6 ("Appellee Br.")), Appellant's Memorandum in Opposition (ECF. No. 13 ("Appellant Br.")), and Appellee's Reply Brief (ECF No. 14 ("Appellee Rep. Br.")). Citations to a party's brief incorporate by reference the documents cited therein.

Apt. 21B, New York, NY 10069 (the "Riverside Property"). (See Appellee Rep. Br. at 2.) Appellee contends the Riverside Property was purchased by Appellant's relative, using funds stolen from Debtors. (See id.) As set forth in the Second Amended Complaint (8-18-08053-ast, ECF No. 303), Appellee is seeking disgorgement and turnover of the Riverside Property. Bank account records and publicly filed documents obtained by Appellee show that defendant 21B One River Park LLC ("One River Park") is listed on the public records as the entity that acquired title to the Riverside Property. (See Appellee Rep. Br. at 2.) Defendant Aquila Alshain LLC ("Aquila Alshain") is listed as the managing member of 21B One River Park. (See id.) Defendant the Red Fronted Macaw Trust ("The Red Trust") is listed as the managing member of Aquila Alshain. (See id.) Appellant is listed as the sole trustee of defendant The Red Trust. (See id.) As sole trustee of the Red Trust, Appellant allegedly assisted with various transactions relating to the purchase of the Riverside Property, benefitted from the acquisition of, and has control over the Riverside Property. (See id.)

In the Bankruptcy Court, Appellant moved to dismiss Appellee's Second Amended Adversary Proceeding Complaint (8-18-08053-ast, ECF No. 303) (the "Complaint"), arguing, among other things, improper service, lack of personal jurisdiction, and that the allegations against her were either false or improper. After briefing and two separate hearings on the issues, the Bankruptcy Court issued the Order denying Appellant's Motion to Dismiss and directing Appellant to respond to the Complaint. (See Appellee Rep. Br. at 2.) Instead, Appellant filed only a notice of appeal ("Notice of Appeal"), without a corresponding motion for leave to appeal. (See id.)

## II. DISCUSSION

Appellee argues this appeal should be dismissed because (1) the Order is not a final order within the meaning of 28 U.S.C. § 158(a)(1) from which Appellant may appeal as of right, (2) Appellant has not moved for leave to take this interlocutory appeal, as required by Rule 8004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and (3) Appellant has not met

2

the elements of 28 U.S.C. 1292(b), which are required to bring an interlocutory appeal. (See Appellee Rep. Br. at 3.) The Court agrees.

### A. Appellant Has Not Shown this Court Should Consider Her Interlocutory Appeal.

#### 1. The Order at Issue is Not a Final Order.

The Second Circuit and Courts within this district have held—repeatedly—that an order denying a motion to dismiss in the bankruptcy court is an "interlocutory factual determination" from which an appellant cannot appeal "as of right." In re Comm. of Asbestos-Related Litigants, 749 F.2d 3, 4 (2d Cir. 1984); see also Farrish v. Town of East Hartford, 2 F. App'x 110, 111 (2d Cir. 2001) ("The denial of a motion to dismiss is an interlocutory order."); Barcelona Cap., LLC v. Neno Cab Corp., 648 B.R. 578, 586 (E.D.N.Y. 2023) (citing In re Segal, 557 B.R. 46, 50 (E.D.N.Y. 2016)). The Order from which Appellant seeks to appeal denied her motion to dismiss Appellee's claims asserted in the underlying adversary proceeding pending in the Bankruptcy Court. The Order is an interlocutory order, from which Appellant cannot appeal as of right.

Unlike an appeal of a final order, which can be taken as of right, an appeal from an interlocutory order may only be taken with leave of the court. See 28 U.S.C. § 158(a)(3) ("The district courts of the United States shall have jurisdiction to hear appeals with leave of the court . . . from other interlocutory orders."); In re Adorn Glass & Venetian Blind Corp., 2005 WL 3481325, at *2 (S.D.N.Y. Dec. 16, 2005) (holding that the appellant "was required to obtain leave before bringing this appeal" of a decision denying its motion to dismiss debtor's bankruptcy petition). Appellant has failed to request such leave, so this Court may dismiss her appeal on this ground alone.

## 2. Appellant Has Not Met the Elements of 28 U.S.C. § 1292(b).

Even if this Court chose to treat Appellant's Notice of Appeal as a motion for leave to appeal—as is permitted under Bankruptcy Rule 8004(d)—the Court would still dismiss the Appeal because the specific facts of this case do not give rise to a permissible interlocutory appeal.

When deciding whether to grant a litigant leave to appeal an interlocutory order, "[c]ourts in this Circuit have invariably held" that the Court "should refer to the standards articulated by Section 1292(b)." Barcelona Cap., LLC, 648 B.R. at 586 (quoting 2178 Atl. Realty LLC v. 2178 Atl. Ave. Hous. Dev. Fund Corp., 2021 WL 1209355, at *3 (E.D.N.Y. Mar. 30, 2021)). Accordingly, in deciding whether to grant leave to this interlocutory appeal, this Court considers whether the matter involves (i) "a controlling question of law," (ii) "as to which there is a substantial ground for difference of opinion," and whether (iii) "an immediate appeal . . . may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); see generally In re Kassover, 343 F.3d 91, 94 (2d Cir. 2003) ("[A] district court has discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court."). Each of the requirements set forth in 28 U.S.C. § 1292(b) "must be met for a Court to grant leave to appeal." In re Poseidon Pool & Spa Recreational, Inc., 443 B.R. 271, 275 (E.D.N.Y. 2010).

Further, the party seeking to appeal an interlocutory order "must demonstrate exceptional circumstances to overcome the general aversion to piecemeal litigation and to justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment," since, while an interlocutory appeal is available, "it is a rare exception to the final judgment rule." In re Coudert Bros. LLP Law Firm Adversary Proceedings, 447 B.R. 706, 711 (S.D.N.Y. 2011) (internal quotation marks and citation omitted); see also Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996).

In the instant appeal, Appellant has neither met the first or second criteria of 28 U.S.C. § 1292(b) nor has she shown any exceptional circumstance. As to the first criteria, an order involves a controlling question of law where either "reversal of the Bankruptcy Court's order would terminate the action," or determination of the issue would "materially affect the outcome of the litigation." Barcelona Cap., LLC, 648 B.R. at 586. As to the second criteria, "substantial ground for difference of opinion" exists where "(1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." In re Coudert Bros., 447 B.R. at 712.

Here, Appellant does not seek to challenge any legal conclusions of the Bankruptcy Court. Instead, Appellant makes a series of fact-driven arguments that contest her involvement in the fraudulent transaction at the center of the underlying litigation. (See Appellant Br. at 4). Appellant also fails to argue that there is a legal issue here for which "substantial ground for difference of opinion" exists. 28 U.S.C. § 1292(b). In fact, as Appellee points out, "Appellant has not cited any legal authority to support an argument that there is either conflicting authority on the issue, or that this is an issue of first impression within this Circuit." (Appellee Rep. Br. at 6.) Accordingly, Appellant has failed to meet the required elements of 28 U.S.C. § 1292(b), all of which are necessary to bring an interlocutory appeal. See In re Poseidon Pool & Spa Recreational, Inc., 443 B.R. at 275 ('[A]ll three requirements set forth in section 1292(b) must be met for a Court to grant leave to appeal.").

### 3. Appellant Ignores the Bankruptcy Rules.

Even if the Court blessed Appellant's attempt to circumvent the Bankruptcy Rules by treating her Notice of Appeal as a motion for leave, Appellant still fails to provide the information required in a motion for leave. (See Appellee Rep. Br. 6.) Rule 8004(b) of the Bankruptcy Rules sets forth a list of items required in a motion for leave to take an interlocutory appeal, including

5

(1) "the facts necessary to understand the question presented;" (2) "the question itself;" (3) "the relief sought;" (4) "the reasons why leave to appeal should be granted;" and (5) "a copy of the judgment, order, or decree complained of and any opinion or memorandum relating thereto." FED. R. BANKR. P. 8004(b).

Appellant has provided none of these required contents, or any information supporting this appeal. The Notice of Appeal does not describe the issues Appellant raises on appeal, does not include any statement of facts, and does not set forth the relief that the Appellant is seeking. The Notice of Appeal merely attaches the two Bankruptcy Court Orders and nothing else. On this basis alone, too, the Notice of Appeal can fail.

**B.      Appellant's Reply Raises Issues Not Addressed in Appellee's Motion**.

Finally, Appellant's Memorandum in Opposition improperly raises several issues of fact and law that have not yet been addressed before this Court or the Bankruptcy Court. Accordingly, the Court will not consider them at this juncture. Appellee's letter motion addressed only the procedural infirmity of the Notice of Appeal, and this Court limits its review to those issues.

### III.      CONCLUSION

For the reasons stated above, Appellant's appeal is DISMISSED. The Clerk of Court is respectfully requested to mail a copy of this Order to the Pro Se Appellant at her address of record.

**SO ORDERED.**

Dated:   January 30, 2024
             Central Islip, New York

                                                             /s/ JMA
                                                    JOAN M. AZRACK
                                                    UNITED STATES DISTRICT JUDGE